# Harris *v.* The State.

## *Burglary.*

(Decided December 17, 1914.  66 South. 876.)

1. *Indictment and Information; Sufficiency; Form.*—An indictment charging a crime in the form prescribed by the Code for such offense is sufficient.

2. *Same; Evidence; Sufficiency.*—The evidence examined and held sufficient to require a submission thereof to the jury on the question of defendant's guilt or innocence.

3. *Witnesses; Independent Recollection; Memorandum.*—Where a witness was introduced to show the amount of goods stolen, and testified that before the burglary he took an inventory of the contents of the magazine by actual, personal count and listed same on a paper, he is testifying from his independent, personal recollection, and not from a memoranda.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WILLIAM E. FORT.

Love Harris was convicted of burglary, and he appeals. Affirmed.

Omitting the formal charging part, the indictment is as follows:

Love Harris, with intent to steal, broke into and entered the warehouse or other building, to wit, the magazine, of Lovick L. Stephenson, in which goods, merchandise, or dynamite, things of value, were kept for use,

sale, or deposit, and, having so broken and entered, felo-niously took and carried away therefrom nine cases of dynamite, the personal property of Lovick L. Stephen-son, of the value of $6.50 per case.

Morrison testified that he was the superintendent for Stephenson and had the key to the magazine where the dynamite was stored, and that he kept it under lock and key and permitted no one to enter without his knowl-edge; that on the afternoon of December 30, 1912, he locked the door to the magazine; that the same was se-curely fastened, and no one could enter without break-ing in; and that on the morning of December 31st the lock was broken, the door was open, and nine cases of dynamite was gone; that about December 1st, shortly after they had had a fire at the plant, he took an inven-tory of the contents of the magazine by actual personal count, and listed the number on a paper or inventory; that the magazine was a small one; that they did not sell dynamite, but only used it from time to time as was necessary; and that he knew of his own knowledge that no dynamite had been taken from the magazine from the time he made the inventory until the morning that the magazine was found broken open.

The evidence for the state tended to show that on the night of the breaking defendant came from the direction of the magazine driving a one-horse wagon with the nine cases of dynamite in it, and that when he was called on to stop he jumped out of the wagon over the horse and ran in the direction of Birmingham, but was pursued and overtaken and put in jail.

McQueen & Ellis, for appellant. No brief reached the Reporter.

R. C. Brickell, Attorney General, and W. L. Mar-tin, Assistant Attorney General, for the State   The in-

dictment was in Code form and therefore sufficient.—
Secs. 6415 and 7161, Code 1907.   (Form 27.)   The evi-
dence was sufficient to carry the question of guilt to the
jury.

PELHAM, P. J.—The indictment charges burglary in
the form prescribed in the Code and is sufficient.   The
place burglarized is described as a building in which
goods or merchandise of value, to wit, dynamite, a thing
of value, were kept for use, sale, or deposit; and the dy-
namite, the thing alleged to have been stolen, being suf-
ficiently described and its value alleged, the indictment
was not bad for the reasons pointed out in the demurrer
interposed to it.

The witness Morrison clearly showed that he was tes-
tifying from his own independent recollection as to the
number of cases of dynamite missing from the magazine
building on the morning of December 31, 1912 (the next
morning after the burglary of the night before), and the
court properly overruled the defendant's motion to ex-
clude this testimony from the jury.

The evidence was ample to show a commission of the
offense charged, and the defendant's guilty participa-
tion, and the court properly overruled the defendant's
motion to exclude the evidence and withdraw the case
from the jury.   It follows that there was no error in re-
fusing the general charge requested in behalf of the
defendant.

Affirmed.